Per Curiam,
The learned judge below nonsuited the plaintiffs because the case came within the Act of April 4, 1868, P. L. 58. In this we find no error.
Judgment affirmed.
The motion and reasons for re-argument were as follows:
“And now, to wit, May 28, 1890, the appellants in the above case move-the learned court to grant a re-argument therein and assign the following reasons:
“ 1st. The learned court, in its opinion, has overlooked the fact that while the facts of the case bring it within the rule of the Act of 1868, as to the measure of the defendants’ responsibility, yet the said facts are radically different from those of any of the cases in which the learned court has held that, by reason of the Act, the defendant has been exempted from liability.'
“ 2d. The learned court has not passed upon the question whether the tacit requirement, or the authorization of the requirement of the use of the dangerous means of work in this case was not a violation, by the defendant, of the obligation of a master to furnish a safe place in which his servant may work.
“ 3d. The learned court has apparently overlooked the distinction between the liability of a master resulting from the negligence of a servant of the common employer of the person injured and such negligent servant, and that resulting from the negligence of one in a common employment with the injured person.”
William C. Stoever, and Henry Budd, for motion, filed no argument in support of the motion.
David W. ■Sellers, for appellee, filed no answer to the motion.
Per Curiam,
Re-argument refused.